# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        No. 3:23-cr-96-BJB

DEREK GOODMAN

## ORDER DENYING MOTION TO REVOKE DETENTION ORDER

Derek Goodman's challenge to the Magistrate Judge's pretrial detention order fails due to his lack of evidence that he isn't a danger to others, as well as the Government's evidence that he is both a danger to others and a flight risk.

**A. The Magistrate Judge's Detention Ruling.** A grand jury indicted Goodman for conspiring to and actually distributing methamphetamine. Indictment (DN 1) at 1, 5, 8. After a hearing, Magistrate Judge Edwards ordered Goodman detained pending trial. Detention Order (DN 28). That order reflected Goodman's failure to introduce sufficient evidence rebutting the presumption of detention Congress assigned to controlled-substance offenses carrying a maximum sentence of 10 years or more. *Id.* (citing 18 U.S.C. § 3142(e)(3)). Specifically, Judge Edwards's order concluded that Goodman hadn't produced evidence that "conditions will reasonably assure the appearance of the defendant … and the safety of the community." *Id.* As an alternative basis for detention under 18 U.S.C. § 3142(g)—which comes into play if a defendant *has* provided evidence to rebut the presumption of detention—Judge Edwards concluded that the Government showed that no conditions of release would reasonably assure (by clear and convincing evidence) the safety of others and the community *or* (by a preponderance of the evidence) Goodman's appearance as required. Detention Order at 2; *see, e.g.*, *United States v. Brown*, 601 F. Supp. 3d 196, 200 (W.D. Ky. 2022) ("Two different evidentiary standards apply to the two findings: a preponderance of the evidence regarding the risk of flight, but clear and convincing evidence regarding the safety of the community.") (describing § 3142(g)). The order specified that the safety and flight-risk findings rested on Goodman's prior criminal history, the weight of the evidence against him, his history of failing to appear, and prior violations of probation, parole, or supervised release. *Id.*

**B. This appeal.**   Goodman has asked the Court to revoke the detention order and release him on bond.  Motion to Revoke (DN 42) at 1 (citing 18 U.S.C. § 3145(b)).[1] Section 3145(b) provides that a person "ordered detained by a magistrate judge … may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  Defendants typically retain their liberty before conviction.  *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").  But Congress has directed that defendants in Goodman's position presumptively should be detained because they stand accused of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  § 3142(e)(3)(A).[2]  A defendant may rebut this presumption by producing "evidence that he does not pose a danger to the community *or* a risk of flight."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)) (emphasis added).  "[S]ection 3142(e)(3)'s presumption in favor of detention imposes only a burden of production on the defendant."  *Id.* (internal quotation marks omitted).  That burden is "not heavy," but requires "at least some evidence."  *Id.* (internal quotation marks omitted).

If a defendant carries that burden, the Government must "prove that no conditions of release"—such as bond, travel restrictions, or GPS tracking—could "assure that the defendant will appear and to assure the safety of the community." *Id.* at 946.  To make that determination, a court must consider four factors identified by Congress in 18 U.S.C. § 3142(g): "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person," and "the nature and seriousness of the danger … posed by the person's release."  This Court's review is de novo.  *See Brown*, 601 F. Supp. 3d at 199.

Whether viewed as the Defendant's absence of evidence under § 3142(e) or the Government's evidence under § 3142(g), Goodman's challenge fails: the Magistrate Judge correctly concluded, based on the record evidence, that no condition or

---

[1] Goodman also invokes "the Fifth, Sixth, and Eighth Amendments to the United States Constitution."  Motion at 1.  But his motion fails to explain how those provisions relate to the statutory scheme that governs pretrial detention.  *See generally United States v. Salerno*, 481 U.S. 739, 755 (1987) (rejecting constitutional challenge to Bail Reform Act).

[2] That statute also requires that "the judicial officer finds that there is probable cause to believe that the person committed" the relevant offense.  § 3142(e)(3).  But following Goodman's indictment that requirement is immaterial because a "grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).  Goodman doesn't contest probable cause.

combination of conditions of release would reasonably assure the safety of others and the community or his appearance in court.

**1. *Section 3142(e).*** Goodman's challenge to the Magistrate Judge's ruling offers a handful of arguments in support. First, Goodman attempts to minimize his role in the alleged conspiracy—highlighting the non-violent nature of his criminal history and denying any mental-health or substance-abuse issues. Motion at 3–4. Second, he describes his connections to the Louisville community: many relatives, a child, and a business buying and rebuilding cars for resale. *Id.* at 4. Third, he raises concerns about the effects of detention on his body, given ongoing physical limitations related to injuries he suffered in a 2016 car accident. *Id.* at 4–5.

Viewed one way, Goodman's discussion might undermine the Magistrate Judge's finding that he hasn't "introduced sufficient evidence to rebut the presumption" in favor of detention. As noted, this burden of production is slight: though he doesn't cite the record in his motion, Goodman arguably put forth "at least some evidence" at his detention hearing. *Stone*, 608 F.3d at 945. As implicitly recognized by the Government, *see* Response (DN 55) at 1, Goodman's family support and medical issues may amount to "some evidence" that he isn't a flight risk. Goodman, then, has identified apparently undisputed facts that may undermine Judge Edward's finding that he hadn't rebutted the presumption of detention—at least with respect to flight risk.

The problem for Goodman, however, is community danger, not flight risk. He doesn't appear to have "introduce[d] some evidence contrary to the presumed fact" of danger to others and the community "in order to rebut the presumption." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). Rather than reading the Magistrate Judge's order to suggest Goodman introduced no evidence *at all*, a more sensible understanding is that Judge Edwards found he "has not introduced sufficient evidence" regarding *danger* to the community and others "to rebut the presumption" of detention established by Congress. Viewed that way, the Magistrate Judge's determination is correct; none of the information discussed in his motion addresses danger. This alone is enough to reject the motion to revoke: "An unrebutted presumption requires detention." *United States v. Cornish*, 449 F. Supp. 3d 681, 683 (E.D. Ky. 2020). And Goodman hasn't rebutted "the presumed fact," recognized by Congress, *Stone*, 608 F.3d at 945, "that no condition or combination of conditions" would "reasonably assure" the community's safety, *see* § 3142(e)(3).

Even considered under the rubric of dangerousness, these facts wouldn't rebut the presumption of detention. *See Stone*, 608 F.3d at 946 (evidence may be insufficient to take a case "outside the congressional paradigm" that presumes danger and detention). Goodman falls within the "congressional paradigm" because he

stands accused of a serious crime that carries a presumption of detention. Similarly, Goodman's connections to the Louisville community may bear on flight risk, but they say nothing about his danger to the community. Finally, Goodman's medical issues—though serious—have little bearing on whether Goodman represents a danger to the community—particularly since his injuries predate the alleged conduct in this case. *See, e.g.*, *United States v. May*, No. 1:20-cr-220, 2020 WL 2464876, at *1–2 (N.D. Ohio May 13, 2020) (conditions that "existed at the time Defendant committed the alleged acts" did not rebut presumption of detention). So the record before the Court doesn't undermine Judge Edwards's findings or Congress's presumption of danger.

**2. *Section 3142(g).*** Based on the information that is before the Court, moreover, the motion to reconsider would fail even if Goodman *had* rebutted the presumption of dangerousness. If he had, the Government would have "to prove that no conditions of release"—such as bond, travel restrictions, or GPS tracking—could "assure the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946. That determination turns on the four factors set out in § 3142(g):

(1) "the nature and circumstances of the offense charged,"
(2) "the weight of the evidence against the person,"
(3) "the history and characteristics of the person," and
(4) "the nature and seriousness of the danger … posed by the person's release."

In addition, a judge weighing a release request considers the congressional presumption favoring detention, which "does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945. "The presumption remains a factor because it … reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

All four § 3142(g) factors cut against his motion—particularly in light of the presumption favoring detention before trial on these serious offenses.

*First*, Goodman faces charges as part of a large-scale conspiracy to distribute a dangerous controlled substance—methamphetamine. Congress expressly included offenses involving "a controlled substance" among the particularly serious offenses listed in § 3142(g). This means that the "nature and circumstances of the offense charged" weigh in favor of detention. *Id.* (asking "whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device"). "Notwithstanding the presumption of innocence, which applies in every case," a grand-jury charge involving a controlled substance "weighs in favor of detention." *United States v. Alcauter*, No. 23-3278, 2023 WL 6378271, at *1 (6th Cir. July 11, 2023).

4

*Second*, "the weight of evidence against the person" supports detention. *See* § 3142(g)(2). This refers to "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948; *see also Alcauter*, 2023 WL 6378271, at *2 (similarly considering weight of the evidence regarding flight risk, as opposed to guilt). As to dangerousness, the Government proffered that Goodman—a convicted felon—was in possession of a firearm when he was arrested. Response at 2. The Government also presented photographs of Goodman with his young child in the vehicle at one of the controlled-buy transactions. *Id.* Based on this evidence, Judge Edwards reasonably found that he poses a danger to the community in general and to his young child in particular. As to flight risk, Goodman's record shows numerous failures to appear and a seeming disregard for court orders. So the weight of the evidence of both flight risk and dangerousness support detention.

*Third*, Goodman's "history and characteristics" count against him. *See* § 3142(g)(3). Goodman's extensive criminal history (described by the Probation Office's pretrial report—discussed without objection by the parties but not found in the docket) includes multiple drug-trafficking offenses. *See, e.g.*, Response at 2; *United States v. Marcrum*, 953 F. Supp. 2d 877, 879 n.2 & 882 n.3 (W.D. Tenn. 2013) (relying in part on undocketed Probation Office pretrial report). Additionally, several of these offenses occurred while Goodman was on either pretrial or post-incarceration release. *See* Detention Order at 2. To be sure, the statute asks "whether, *at the time of the current offense or arrest*, the person was on probation [or] parole." § 3142(g)(3)(B) (emphasis added). Goodman was not. The fact that he committed several of his past offenses while on some form of supervised release, however, is at least relevant to his "history and characteristics" in terms of recidivism and future risk to the community. And Goodman's record shows a history of failing to appear. Response at 2. Overall, Goodman's criminal history strongly favors detention.

*Fourth*, and finally, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" weigh in favor of detention. *See* § 3142(g)(4). This factor focuses on the danger that would arise from a person's release, rather than the seriousness of the charged crime. *See, e.g.*, *United States v. Hoilman*, No. 22-6108, 2023 WL 4074630, at *2 (6th Cir. Apr. 24, 2023) (assessing danger that releasing defendant posed to a particular category of potential victims); *United States v. Smallwood*, No. 09–5566, 2009 WL 9119876, at *2 (6th Cir. Aug. 17, 2009) (identifying a potential victim who might be in danger if defendant were released). Courts, like Congress, treat "drug trafficking [as] a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 947 n.6 (collecting cases). So both Goodman's current charges and his history of trafficking controlled substances suggest that his release would pose a threat to the community.

Even if the four factors were in equipoise, the statutory presumption would tip the scales toward detention. *See id.* at 945 (explaining congressional determination that "particular classes of offenders should ordinarily be detained prior to trial"). Since all four statutory factors weigh against Goodman's requested relief, the presumption simply points further away from release.

Based on a de novo review of the decision below, therefore, the Court agrees with Judge Edwards that no "condition or combination of conditions … will reasonably assure" Goodman's appearance in court and the safety of other people and the community if Goodman were released. Under the rules set down by Congress in § 3142 and the record in this case, the Court denies Goodman's motion to revoke his pretrial detention.

Benjamin Beaton, District Judge

United States District Court

December 6, 2023

6